**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PETER LYNCH and THERESA LYNCH, h/w,<br><br>　　Plaintiffs,<br><br>　　　　v.<br><br>GANDER MOUNTAIN COMPANY,<br><br>　　Defendant. | CIVIL ACTION NO. 3:CV-13-0637<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is Defendant Gander Mountain ("Gander Mountain") Company's partial Motion to Dismiss (Doc. 18) Plaintiffs' Amended Complaint. Gander Mountain seeks dismissal of Counts I, III, and IV of Plaintiff's Amended Complaint. Count I alleges a strict products liability claim under the Restatement (Second) of Torts, Count III asserts a claim for breach of the warranty of merchantability, and Count IV sets forth a claim for breach of the warranty of fitness for a particular purpose. Because the Restatement (Third) of Torts will be applied to Plaintiffs' strict liability claim, Count I of the Amended Complaint will be dismissed. However, because Plaintiffs adequately state claims for breach of the warranty of merchantability and breach of the warranty of fitness for a particular purpose, Gander Mountain's motion to dismiss Counts III and IV will be denied.

### **I. Background**

The facts as set forth in the Amended Complaint are as follows:

At all times relevant, Defendant Gander Mountain engaged in the business of distributing and selling products to consumers, including Firepots and Fire Gel Pourable Gel Fuel ("Fire Gel") created by NAPA Home & Garden. (*Am Compl.*, ¶ 4.) Gander Mountain owned and operated a retail outlet in Middletown, New York. (*Id*. at ¶ 5.)

On or about May 1, 2011, Plaintiff Theresa Lynch ("Mrs. Lynch"), wife of Plaintiff

Peter Lynch ("Mr. Lynch"), purchased a container of Fire Gel from the Gander Mountain store in Middletown. (*Id*. at ¶ 12.)  The Firepot was also purchased at the same location and given to Plaintiffs as a gift. (*Id*.)  The Fire Gel bottle proclaimed to be "Planet Safe and People Safe." (*Id*. at ¶ 9.)

On or about May 28, 2011, Mr. Lynch's sister poured the Fire Gel into the Firepot as directed. (*Id*. at ¶ 13.)  The Fire Gel ignited and burst into flames, projecting its contents two to three feet out of the bottle. (*Id*.)  The contents landed in Mr. Lynch's lap, causing severe injuries. (*Id*.)

On June 23, 2011, NAPA Home & Garden issued a press release stating that the United States Consumer Product Safety Commission issued a recall of all pourable gel fuels sold by NAPA Home & Garden. (*Id*. at ¶ 11.)

Based on the foregoing events, Plaintiffs, on or about February 5, 2013, filed a complaint in the Court of Common Pleas of Pike County, Pennsylvania.  After Gander Mountain removed the action to this Court, Plaintiffs filed the Amended Complaint. (Doc. 16)  The Amended Complaint consists of seven claims: Strict Products Liability under the Restatement (Second) of Torts (Count I); Negligence (Count II); Breach of Warranty of Merchantability (Count III); Breach of Warranty of Fitness for a Particular Purpose (Count IV); Loss of Consortium (Count V); Strict Liability under the Restatement (Third) of Torts (Design Defect) (Count VI); and Strict Liability under the Restatement (Third) of Torts (Design Defect- Inadequate Warning) (Count VII).

On July 15, 2013, Gander Mountain filed a motion to dismiss Counts I, III, and IV of the Amended Complaint. (Doc. 18.)  The motion to dismiss is now fully briefed and ripe for disposition.

## II. Discussion

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1)

3

identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S. Ct. 1937.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar.*, 998 F.2d at 1196. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

**B.	The Motion to Dismiss**

As noted, Gander Mountain moves to dismiss the strict liability claim in Count I and the breach of warranty claims in Counts III and IV of the Amended Complaint. For the reasons that follow, the strict products liability claim in Count I will be dismissed, but Plaintiffs will be permitted to proceed with their breach of warranty claims in Counts III and IV of the Amended Complaint.

**1.	Strict Products Liability under Restatement (Second) of Torts (Count I)**

Gander Mountain's motion to dismiss the strict liability claim based on the Restatement (Second) of Torts will be granted.

The substantive law of Pennsylvania applies to this strict products liability claim. 28 U.S.C. § 1332(a)(1); *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)). According to the *Erie* doctrine, a court sitting in diversity should apply the state law as pronounced by the highest court of the state. *See Edwards v. HOVENSA, LLC*, 497 F.3d 355, 361 (3d Cir. 2007). "The highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law unless it has later given clear and persuasive indication that its pronouncement will be modified, limited, or restricted." *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 236, 61 S. Ct. 179, 85 L. Ed. 139 (1940) (citing *Wichita Royalty Co. v. City Nat'l Bank of Wichita Falls*, 306 U.S. 103, 107, 59 S. Ct. 420, 83 L. Ed. 515 (1939)). However, when the highest court of the state has not addressed an issue, a federal court must predict how the highest state court would resolve the issue. *See Holmes v. Kimco Realty Corp.*, 598 F.3d 115, 118 (3d Cir. 2010). And, in making this prediction, the court "may give serious consideration to the opinion of an intermediate appellate court." *Aetna Cas. & Sur. Co. v. Farrell*, 855 F.2d 146, 148-49 (3d Cir. 1988) (citing *Commercial Union Ins. Co. v. Butuminous Cas. Corp.*, 851 F.2d 98, 100

(3d Cir. 1988); *Aloe Coal Co. v. Clark Equip. Co.*, 816 F.2d 110, 117 (3d Cir. 1987); *Wilson v. Asten-Hill Mfg. Co.*, 791 F.2d 30, 32 (3d Cir. 1986)). The decisions of intermediate state appellate courts can be disregarded when a federal court "'is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Nationwide Mut. Ins. Co. v. Buffetta*, 230 F.3d 634, 637 (3d Cir. 2000) (quoting *West*, 311 U.S. at 237, 61 S. Ct. 179).

Once the United States Court of Appeals for the Third Circuit predicts how a state's highest court would resolve an issue, district courts within the circuit are bound by this prediction "unless the state supreme court issues a contrary decision or it appears from a subsequent decision of the appellate courts that the court of appeals erred." *Largoza v. Gen. Elec. Co.*, 538 F. Supp. 1164, 1166 (E.D. Pa. 1982) (citing *Doane v. Travelers Ins. Co.*, 266 F. Supp. 504, 405 (E.D. Pa. 1966)). The Third Circuit has held that "federal district courts applying Pennsylvania law to products liability cases should look to sections 1 and 2 of the Restatement (Third) of Torts." *Covell v. Bell Sports, Inc.*, 651 F.3d 357, 359 (3d Cir. 2011); *see also Sikkelee v. Precision Airmotive Corp.*, No. 12-8081, 2012 WL 5077571, at *1 (3d Cir. Oct. 17, 2012) ("The precedential holding in *Berrier* . . . represents the Court's view of Pennsylvania's product liability law."). The Pennsylvania Supreme Court has not ruled whether the Restatement (Third) of Torts provides the controlling analysis for products liability claims rather than the analysis under the Restatement (Second) of Torts. *See Giehl v. Terex Utilities*, No. 12-0083, 2012 WL 1183719, at *9 (M.D. Pa. Apr. 9, 2012). Therefore, based on the Third Circuit's pronouncement that the Restatement (Third) applies to products liability actions arising under Pennsylvania law, and absent a decision from the Pennsylvania Supreme Court to the contrary, the Court will apply the Restatement (Third) in this matter.[1] Thus, Plaintiffs' claim based on the Restatement (Second) of Torts will be

---

[1] The Pennsylvania Supreme Court, in *Tincher v. Omega Flex, Inc.*, 64 A.3d 626, 626 (Pa. Mar. 26, 2013), granted the Petition for Allowance of Appeal to address

dismissed.

## 2. Breach of Warranty of Merchantability (Count III) and Breach of Warranty of Fitness for a Particular Purpose (Count IV)

Gander Mountain's motion to dismiss the breach of warranty claims will be denied.

The implied warranty of merchantability warrants that goods "are fit for the ordinary purposes for which such goods are used." 13 Pa. Cons. Stat. § 2314(b)(3). This warranty guarantees a minimum level of quality:

> [the implied warranty of merchantability] does not require that the goods be the best quality, or the best obtainable, but it does require that they have an inherent soundness which makes them suitable for the purpose for which they are designed, that they be free from significant defects, that they perform in the way that goods of that kind should perform, and that they be of reasonable quality within expected variations and for the ordinary purpose for which they are used.

*Gall v. Allegheny Cnty. Health Dep't*, 521 Pa. 68, 555 A.2d 786, 789-90 (Pa.1989) (citations omitted).

To establish the existence of an implied warranty of fitness for a particular purpose, the plaintiff must demonstrate that "(1) the seller had reason to know of the particular purpose for which the buyer is purchasing the product and (2) the seller knows that the buyer is relying on its skill and judgment to furnish the proper good." *Brantner v. Black & Decker Mfg. Co.*, 831 F. Supp. 460, 461 (W.D. Pa. 1993) (citing 13 Pa. Cons. Stat. § 2315; *Altronics of Bethlehem Inc. v. Repco, Inc.*, 957 F.2d 1102, 1105 (3d Cir. 1992)).

> Both the implied warranty of merchantability and the warranty of fitness for a particular purpose arise by operation of law and serve to protect buyers from loss where the goods purchased are below commercial standards or are unfit for the buyer's purpose. In order to be merchantable, goods must be "fit for the ordinary purposes for which such goods are used." The warranty of fitness for a particular purpose is more exacting. It requires that the seller had reason to know of the buyer's particular purpose at the time of contracting and that the buyer was relying on the seller's expertise. In that case, the goods are implicitly warranted to be fit for that particular purpose. To establish a breach of either warranty, plaintiffs must show that the equipment they purchased

---

"[w]hether this Court should replace the strict liability analysis of Section 402A of the Second Restatement with the analysis of the Third Restatement."

7

from defendant was defective.

*Altronics*, 957 F.2d at 1107.

Here, Plaintiffs adequately allege claims for breach of the warranty of merchantability and breach of the warranty of fitness for a particular purpose. Moreover, Gander Mountain's argument for dismissal of Counts III and IV of the Amended Complaint pursuant to *Reese v. Ford Motor Co.*, 499 F. App'x 163 (3d Cir. 2012) is not persuasive. The Third Circuit in *Reese* simply noted that "the elements that prove a breach of the implied warranty of merchantability are essentially the same as those to recover on a strict products liability claim." *Id*. at 166 (citing *Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 94 (3d Cir. 1983)). Because Plaintiffs sufficiently plead the necessary elements of the breach of warranty claims, Gander Mountain's motion to dismiss Counts III and IV will be denied.

### III. Conclusion

For the above stated reasons, Gander Mountain's motion to dismiss will be granted in part and denied in part.

An appropriate order follows.

August 27, 2013                  /s/ A. Richard Caputo
Date                                      A. Richard Caputo
                                                  United States District Judge